Curia, per
O’Neall, J.
This case, it must be kept constantly in mind, is in the summary jurisdiction, where the plaintiffs have the right to call upon one or all of the defendants to answer, as if the case was in equity, touching the subject matter in litigation. The right to call for a defendant’s answer on interrogatories, is one thing, and the effect of them another. Generally, the answers could affect no one but himself. But if when a party is thus put upon the stand to answer interrogatories, and his co-defendants choose to examine him as a witness, and neither he nor the plaintiffs object to it, there can be no doubt it makes him to all intents and purposes a witness, and his answers would then be as other testimony. That was the course pursued here.
Owens’s answers to the interrogatories would not have given to the plaintiffs a decree; but waiving that ground, the defendants examined him generally, and thereby made him their witness. If he is considered as a witness, then he proved every thing necessary to charge the other defendants.
*175 But if he was not a witness after the defendants shewed the articles of co-partnérship, and thus proved that he and they were partners, his declaration that the articles were purchased for the firm, would make them all liable. According to Kendrick vs. Campbell & Clark, 1st. Bail, 522, the admission of Owens made after dissolution will bind the firm. It cannot diminish the effect of it, that it was made on oath voluntarily by him. Montague, in his 1st. vol. 95, says “It has been ruled that after prima facie evidence of a partnership, the declarations by one of the members is evidence to bind the firm.” This is full to the very point before us. The articles were not only prima facie, but also conclusive evidence of the partnership, and after they were out, Owens’s proof, put upon the mere ground of his declarations, made the defendants liable. There can be no valid objection on the score of his interest. For as a partner, he is liable to the whole debt, as well as his share of it. But no such objections ever can apply to the declarations of a partner. For if it was allowed, it would destroy the very rule by which they are admitted. Each partner is of course liable on his contract made by him, and his individual liability may be perfect to the creditor, and yet his declarations will bind the firm. Montague on Part. 48; Kendrick vs. Campbell, & Clark, 1st Bail. 522. The rest of the case is fully met and disposed of by the reasons assigned in the report, with which this Court is satisfied-. The motion is dismissed.
Richardson, Evans, Butler and Wardlaw, JJ. concurred.